UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

RANDALL G. CASSEDAY,

Defendant.

Magistrate No. 06-411M-01
DAR

**FILED**

OCT 2 5 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I. INTRODUCTION

Defendant is charged by criminal complaint with attempted coercion and enticement of a

minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). A detention hearing was

conducted by the undersigned United States Magistrate Judge on October 4, 2006.[1]

Upon consideration of the evidence adduced at the detention hearing, the proffers and

arguments of counsel and the entire record herein, the undersigned ordered Defendant held

without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in

support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

condition or combination of conditions [of release] will reasonably assure . . . the safety of any

---

[1]  On the same date, Defendant waived his preliminary hearing.

United States v. Casseday                                                                 2

other person and the community, such judicial officer shall order the detention of the [defendant]

before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis

upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987);

United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d

100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of Defendant as required, it has

the burden of establishing by a preponderance of the evidence that the Defendant will flee before

trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986). The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance." United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release. 18 U.S.C.

§ 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

United States v. Casseday                                                                 3

defendant committed an offense under 18 U.S.C. § 2422 involving a minor victim.  18 U.S.C. §

3142(e).[2]

## III. DISCUSSION

Counsel for the government offered the testimony of Timothy Palchak, a detective of the

Metropolitan Police Department assigned to the Internet Crimes Against Children Task Force.

Detective Palchak testified with respect to the details of the events summarized in his sworn

Statement of Facts in support of the complaint filed herein.  Said Statement of Facts is

incorporated herein by reference.  The government offered into evidence the logs of the

conversations summarized in the Statement of Facts, as well as the photographs described in

paragraph two of the statement.

In addition, Detective Palchak testified that at the time Defendant was

arrested–approximately one-quarter block from the location at which Defendant agreed to meet

the person he believed was a thirteen-year-old girl–over 500 rounds of ammunition were

recovered from the car he was driving.  Thereafter, photographs of pre-pubescent girls were

recovered from Defendant's computer.

On cross-examination, Detective Palchak testified that images of adult pornography were

also found on Defendant's computer.

In further support of the government's motion for pretrial detention, counsel for the

government proffered that Defendant was convicted of carrying a concealed weapon in 2001.

Defendant, through his counsel, proffered that he is a member of the National Rifle

Association and an avid sportsman.  Defendant further proffered that he resides in New York and

that his address was verified by his wife, who resides at the New York address; that he has three

---

[2]    See n.1, supra.

United States v. Casseday                                                                      4

adult children; that the government has his passport; that he qualifies for the High Intensity

Supervision Program operated by the Pretrial Services Agency, and that supervision of his

release conditions could be transferred to New York; and that he promises to refrain from use of

a computer. Defendant's counsel acknowledged that Defendant had been terminated from his

employment in the District of Columbia.

The Pretrial Services Agency reports that Defendant indicated that for the last 22 months,

he has rented a room at home in a Maryland suburb, where he lives with a friend.


### IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the

undersigned finds by a preponderance of the evidence that no condition of release, or

combination of conditions of release, would reasonably assure Defendant's appearance, and by

clear and convincing evidence that no condition or combination of conditions would reasonably

assure the safety of the community. First, the undersigned finds, with respect to the nature and

circumstances of the offense charged, that Defendant, a 53-year-old man, utilized the most

graphic, salacious and lewd words and images imaginable in his attempt to coerce and entice a

person he believed was a thirteen-year-old girl. Moreover, in excess of 500 rounds of

ammunition were recovered from the car which Defendant was driving when he was arrested

approximately one-quarter block from the location at which he planned to meet the person he

believed was a 13-year-old girl.

Second, the undersigned finds, based upon the unrebutted testimony of Detective

Palchak, that the weight of the evidence is virtually overwhelming.

United States v. Casseday                                                                 5

  Third, while Defendant's criminal history is minimal and his address in New York has been verified, the undersigned finds that Defendant's history and characteristics militate against conditional release.  Since Defendant's employment in the District of Columbia has been terminated and Defendant, through his counsel, expressed no interest in residing in the room he had been renting in a Maryland suburb where he had lived with a friend for the last 22 months, Defendant appears to have no ties to the District of Columbia.  Of even greater concern with respect to Defendant's history and characteristics is the testimony of Detective Palchak regarding the images of pre-pubescent girls found on Defendant's computer.

  Finally, the undersigned finds, for all of the reasons discussed herein, that Defendant's release would pose a grave danger to the community.  Defendant's plan for community supervision pending trial is to leave the District of Columbia, reside in New York with his wife, and swear off computer use.  However, in the context of the totality of the evidence offered and proffered at the detention hearing, the undersigned finds that Defendant is not amenable to community supervision on these terms.  The undersigned further finds that neither of the applicable presumptions has been rebutted.  See United States v. Alitishe, 768 F.2d 364, 371 (D.C. Cir 1985).

# V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

United States v. Casseday                                                                 6

bond pursuant to the October 4, 2006 Order of Detention.


                                          _____
                                          DEBORAH A. ROBINSON
                                          United States Magistrate Judge


 October 25, 2006
       DATE


 October 4, 2006
    NUNC PRO TUNC