U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

**FILED**

NOV 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

October 31, 2006

Danielle Jahn, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

Re: *United States v. Randall Casseday*
Criminal Case Number 06-329(CKK)

Dear Ms. Jahn:

This letter confirms the agreement between your client, Randall Casseday and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Randall Casseday's Obligations, Acknowledgments and Waivers:**

1. Your client, Randall Casseday agrees to admit guilt and enter a plea of guilty to Counts Two and Three of a criminal Information, a copy of which is attached, in violation of 18 U.S.C. §2252(a)(4)(B) (Possession of Child Pornography) and of Section 216(d) of the District of Columbia Omnibus Public Safety Congressional Review Emergency Act of 2006, Act 16-445, amending 22 D.C. Code § 3010 (Enticement of a Minor (herein after "Enticement"). Your client understands that pursuant to 18 U.S.C. §§2252(1)(4)(B), 3571(b) and 3583(k), the offense of Possession of Child Pornography carries a penalty of up to ten years imprisonment, a fine of up to $250,000, and a term of supervised release of any term of years up to life. The offense of Enticement is punishable pursuant to 22 D.C. Code 3010 by up to five years imprisonment and a fine of up to $50,000. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the ~~Clerk of the United States District Court for the District of Columbia~~ prior to the date of sentencing. Pursuant to U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

Danielle Jahn, Esquire
October 31, 2006
Page two.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is possessed at least ten images of child pornography as defined in 18 U.S.C. § 2256, and that at least two images depicted children under the age of twelve years.

3. Your client and the Government agree that a sentence of 30 months on the Possession of Child Pornography Charge, and a sentence of five years (60 months) on the Enticement charge, to be served consecutively, resulting in an aggregate sentence of 90 months, and a term of at least ten years supervised release is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in his plea of guilty will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. <u>In addition, the parties intend, understand and agree that if the Court rejects the plea agreement, the government has full and complete discretion to file a Superseding Information or to seek a Superseding Indictment prior to the defendant's entering a guilty plea to any criminal offense in this case.</u> This agreement with respect to the appropriate sentence effects only incarceration and supervised release. The otherwise applicable statutory and Guideline provisions are applicable to other any other incidents of sentencing.

**Administrative Forfeiture**

4. Your client agrees waive your client's interest in and not to contest the administrative forfeiture of the following property: **Toshiba Satellite Laptop computer, serial number 80836016U, Sony Cypershot 3.2 Dis-P7, serial number #365388, Sony Memory Sticks recovered from his office on September 27, 2006 and a CDR disc recovered from that office on September 28, 2006** as property constituting, or derived from, proceeds obtained, directly or indirectly, or property used or intended to be used to commit or to facilitate the illegal activity charged in the Information filed in this case. Your client acknowledges and agrees that the Government reserves its right to bring civil actions, if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

5. Your client warrants that your client is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees, the District of Columbia and the District of Columbia Metropolitan Police Department harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this plea agreement.

Danielle Jahn, Esquire
October 31, 2006
Page three.

## Detention Pending Sentencing

6. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

## Waiver of Rights

7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

## Allocution

8. Your client understands that subject to the provisions of paragraph 3 of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific fine and term and conditions of supervised release allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

## Sex Offender Registration

9. Your client acknowledges and agrees that pursuant to 18 U.S.C. §§ 3563, 3583, and 42 U.S.C. §14071, he is required to register as a sex offender as a as a mandatory condition of probation and or supervised release. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in any state where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and current photograph with the Federal Bureau of Investigation for inclusion in its national sexual offender database. He further agrees that he will notify the FBI and the state in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the FBI and the state.

Danielle Jahn, Esquire
October 31, 2006
Page four.

### The Government's Obligations, Acknowledgments and Waivers

10. This Office will dismiss Count One of the Information at the time of sentencing. Your client, agrees and acknowledges however, that the charge to be dismissed at the time of sentencing was based in fact. In addition, the government will not bring any additional charges against your client in connection with the conduct described in the Statement of Facts to be signed by the parties and submitted to the Court.

### General Conditions

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; © your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

14. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

15. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands

Danielle Jahn, Esquire
October 31, 2006
Page five.

and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

16. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

JEFFREY A. TAYLOR.
United States Attorney

PATRICIA STEWART
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11/20/2006

RANDALL CASSEDAY
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11/20/06

DANIELLE JAHN, Esquire
Attorney for the Defendant