U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

December 19, 2006

Danielle Jahn, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 2004

*United States v. Randall Casseday*
*Criminal Case No. 06-329(CKK)*

Dear Ms. Jahn:

This letter confirms the agreement between your client, Randall Casseday, and the Office of the United States Attorney for the District of Columbia ("the Government", "this Office") with respect to modifications to the October 31, 2006 plea agreement between your client and the Government that was executed by the parties and submitted to the Court for its consideration on November 20, 2006. In accordance with paragraph 16 of that agreement, the agreed upon alterations to the agreement set forth herein are made in a writing signed by the parties. There are no other changes, alterations, additions or modifications to the October 31, 2006 agreement executed by the parties other than those set forth in this addendum to that agreement.

1. Your client, Randall Casseday agrees to admit guilt and enter a plea of guilty to Counts Two and Three of a criminal Information, a copy of which is attached, in violation of 18 U.S.C. §2252(a)(4)(B) (Possession of Child Pornography) and of Section 216(d) of the District of Columbia Omnibus Public Safety Congressional Review Emergency Act of 2006, Act 16-445, amending 22 D.C. Code § 3010 (Attempted Enticement of a Minor (herein after "Enticement"). Your client understands that pursuant to 18 U.S.C. §§2252(1)(4)(B), 3571(b) and 3583(k), the offense of Possession of Child Pornography carries a penalty of up to ten years imprisonment, a fine of up to $250,000, and a term of supervised release of any term of years up to life. The offense of Enticement is punishable pursuant to 22 D.C. Code §3010 by up to five years imprisonment, up to three years of which may be imposed at the time of sentencing. In addition, the offense carries a penalty of a fine up to $50,000 and a term of supervised release of no less than three and no more than ten years. 22 D.C. Code § 3010, 24 D.C. Code §403.01(b)(2)(B), (4)(A), 22 D.C. Code §§4001(8)(B), 4002(a). Your client further understands that should the supervised release imposed for the offense of Enticement be revoked, he would be subject to a term of imprisonment of up to two years. 24 D.C. Code §403.01(b)(7))C). Moreover, the length of any such term of imprisonment upon revocation

of supervised release would be determined by the United States Parole Commission and would be independent of, and could be imposed in addition to, any penalties imposed by the Court upon revocation of supervised release for the federal offense of Possession of Child Pornography. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia and a payment of no less than $100 and no more than $5,000 as determined by the Court to the Superior Court Victims of Violent Crime Compensation Fund at the time of sentencing. Pursuant to U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

3. Your client and the Government agree that a sentence of 60 months on the Possession of Child Pornography Charge, and a sentence of two and a half years (30 months) on the Enticement charge, to be served consecutively, resulting in an aggregate sentence of 90 months, and a term of at least ten years supervised release on the Possession of Child Pornography Charge, and a term of three years supervised release on the Enticement charge to be served concurrently, is the appropriate sentence for the offenses to which your client is pleading guilty. The parties agreement with respect to the appropriate sentence in this case is limited to the length of terms of imprisonment and supervised release to be imposed.

This letter sets forth the entire agreement between the parties with respect to modifications to the October 31, 2006 plea agreement between the your client and the Government. There are no other agreements, promises, understandings or undertakings between your client and this Office with respect to that agreement.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

PATRICIA STEWART
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this agreement and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to agree to the modifications to the plea agreement previously entered into between the United States Attorney's Office for the District of Columbia and myself except those set forth in this agreement. I am satisfied with the legal services provided by my attorney in connection with this agreement to modifications to of the plea agreement into which I previously entered.

Date: 12/21/06

_____
RANDALL CASSEDAY
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages setting forth modifications to the plea agreement previously entered into between my client, Randall Cassedy and the Office of the United States Attorney for the District of Columbia, reviewed them with my client, and discussed the modifications to the agreement with my client, fully. These pages accurately and completely set forth the entire agreement between the parties with respect to modifications to the plea agreement previously entered into by the parties.

Date: 12/21/06

_____
DANIELLE JAHN, Esquire
Attorney for the Defendant