UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

      v.                                                 :          Criminal Case No. 06-329(CKK)

                                           :

RANDALL CASSEDAY

### MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following for Court's consideration in imposing sentence in this case:

### Factual and Procedural Background

1.  The relevant facts have been set forth in the Statement of Facts agreed to by the parties and submitted to the Court during the plea proceedings on November 20, 2006 and in the PreSentence Report.  We will not review the facts in detail, but rather summarize the factual background that we believe is relevant to the Court's determination of the length and conditions of supervised release in this case.

2.  The defendant was 53 years old when he contacted an undercover Metropolitan Police detective who was posing as a 13 year old girl in an internet chat room on September 26, 2006. During the conversation, the fictitious girl, who used the name "Mandy", suggested that her father had engaged in some inappropriate sexual conduct with her, although she made clear that she had never engaged in sexual intercourse with him or anyone else.  During an on-line chat that lasted approximately two hours, the defendant asked whether he could be the child's "Daddy", talked about "daddys" liking to watch girls urinate, sent several digital images of his erect penis and asked

"Mandy" in graphic terms whether his penis would fit inside her body.  After arranging to meet

"Mandy" at a location that she gave as her residence, the defendant drove to the area and was

arrested by Metropolitan Police Department detectives.

3.  Among the items recovered from the defendant's office after his arrest was a compact

disk labeled "RC Personal".  The disk contained images of child pornography.  The children

depicted were female and primarily pre-pubescent and young teenage girls.  Numerous images of

the defendant's penis were found on his laptop computer and in a digital camera memory stick.

4.  The defendant's laptop computer, which he used to communicate with the undercover

detective in this case, contained an Instant Messaging "Buddy List". The approximately one hundred

screen names on the list contained sexual references.  The text of several internet conversations,

including the conversation with the undercover detective in this case, had been saved on the

computer. The other saved conversations were sexually explicit conversations which appeared to

involve commercial sex.

5.  On October 4, 2006, the defendant waived his right to a preliminary hearing.  After

hearing testimony on the issue of pre-trial detention, Magistrate Judge Deborah Robinson ordered

the defendant held without bond pending trial.


**Guideline Calculations and Plea Agreement**

6.  We recognize that the advisory United States Sentencing Guidelines are relevant to the

Court's determination of an appropriate sentence pursuant to 18 U.S.C. §3553, and to the Court's

decision  whether to accept the plea agreement submitted to the Court pursuant to Fed. R. Crim. P.

11(c)(1)(C).  Accordingly, the government represents that it agrees with the advisory Guideline

calculations set forth in the Pre-Sentence Report and moves the Court pursuant to U.S.S.G.

§3E.1.1(b) to adjust the Guideline calculations to reflect the defendant's early acceptance of

responsibility.

7.  During the pendency of the case, through his counsel, the defendant indicated an interest

in resolving the case through a guilty plea.  The applicable federal charges were attempted

enticement of a minor, 18 U.S.C. §2422(b) and possession of child pornography, 18 U.S.C.

§ 2252(a)(4).  The parties ultimately entered into an agreement which, pursuant to Fed. R. Crim. P.

11(c)(1)(C), was submitted to the Court for its approval. The agreement provided for the defendant

to enter guilty pleas to the federal offense of possession of child pornography and the District of

Columbia Code offense of enticing a child.  In exchange, the government would dismiss the federal

charge of attempted enticement of a minor at sentencing. The agreement called for the defendant to

serve a term of 90 months imprisonment and a term of no less than ten years supervised release.

Subject to those provisions, the parties reserved their rights of allocution, including the right to

allocute as to length and conditions of the term of supervised release.

8.  In the view of the government, the agreement, including the agreement not to seek a

conviction under the 18 U.S.C. § 2422(b) was justified under the unique facts of this case. We

considered that the defendant's conduct evidenced both a longstanding sexual interest in young girls

and the practice of using a  computer and digital technology to gratify his sexual interests.  We

believed therefore that  a significant term of incarceration was warranted to protect the community

and deter others who engage in similar conduct.  At least as important in our view, was the need to

prevent him from engaging again in on-line exploitation of children upon his release.

9.  Prosecuting the defendant for violation of the federal enticement statute provided no incentive for the defendant to enter a guilty plea and accept responsibility for his actions.  Pursuant to the Adam Walsh Child Protection and Safety Act (hereinafter "Adam Walsh Act") which  took effect on July 27, 2006, [1] the penalty for violation of the federal statute was increased from a mandatory minimum term of five years and a maximum term of 30 years imprisonment to a mandatory minimum term of ten years and a maximum term of life imprisonment. As of yet, there has been no corresponding adjustment to the advisory United States Sentencing Guidelines. Accordingly, if the defendant pled guilty to the federal offense, with adjustments for acceptance of responsibility, he would receive no benefit from the plea. The otherwise applicable guideline range which was less than half the mandatory minimum sentence would have no impact on his sentence.

10.  Aside from the usual considerations of the certainty of a conviction and the conservation of government and judicial resources, in this particular case, the government has a strong interest in the defendant's taking responsibility for his behavior, and also in  assuring that the defendant remain under supervision for a lengthy period after his release from incarceration. The plea agreement provides that he serve a sentence of approximately seven and a half years, which while less than ten years, (and possibly more if he had been convicted on the pornography charge),  is still a significant sentence given the defendant's lack of criminal history.  The sentence  is long enough to provide a deterrent to the defendant and others, and to allow for the defendant to receive sex offender treatment.  At the same time,  the agreement provides assurance to the government that the defendant will be supervised for at least ten years after his release, and allows the government the

---

[1] Adam Walsh Child Protection and Safety Act of 2006, HR 4472, Pub.L. No. 109-248.

opportunity to allocute for a lengthier term and for the conditions that we believe are necessary to protect the community.

**Recommendations for Supervised Release**

11. As the Court is aware, the plea agreement submitted to the Court provides that the Court shall impose a sentence of no less than ten years supervised release on the pornography count, a sentence of three years supervised release on the D.C. Code enticement count, the terms to run concurrently. The government is requesting that the Court order a term of 20 years supervised release with restrictions on the defendant's use of computers and similar devices and on his contacts with minors.

12. In authorizing terms of lifetime supervised release for defendants who commit offenses involving the sexual exploitation of minors, including the offense of possession of child pornography, Congress recognized the danger created by the that offense: the demand for child pornography by collectors encourages the production of child pornography and the abuse of the children used to create it. ("those who possess and view child pornography encourage its continual production and distribution" 136 Cong. Rec. at S4730) cited in United States v. Adams, 343 F.3d, 1024, 1034 (9th Cir. 2003)

14. Moreover, the mere possession of child pornography re-victimizes the children whose abuse is depicted in the images:

> ...children are victims in the possession of child pornography... possessing the images is itself a form of abuse because it "inva[des] the privacy of the child depicted."
> The possession perpetuates "a permanent record" of the original abuse that can "haunt[ ] those children in future years." Additionally, "the consumer of child pornography instigates the original production of child pornography by providing an economic motive for creating [it].. "[P]ossession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded ..., in large part, because individuals like [the defendant] exist to download the images."

United States v. Duhon, 440 F.3d 711, 718 (5th Cir. 2006)). (internal citations omitted)(emphasis added).

15.  In the instant case, the parent of one of the children whose image the defendant possessed has submitted a victim impact statement for use in cases in which images of her daughter are involved. Her daughter was between six and seven years old when she was sexually abused and photographed.  She is now ten years old.  The statement describes how she continues to suffer knowing that pictures of her are being circulated and viewed to gratify the sexual interest of pornography collectors.[2]

16.  We submit that in this case in which the defendant used the  internet to solicit sex from a 13 year old child and to collect child pornography, significant restrictions on his use of the internet, and restrictions on certain contacts with minors as conditions of supervised release are appropriate. We request that the Court impose the following conditions of supervised release.

1)      Registration as a sex offender for 25 years, pursuant to 120 Stat 587, Section 115(a)(2) (Adam Walsh Child Protection and Safety Act of 2006).

2)      The defendant shall not possess or use a computer that has access to any on-line computer service at any location, including his place of employment, without the prior written approval of the probation office.  "On-line computer service" includes, but is not limited to, any internet service provider, bulletin board system, or other public or private computer network.

---

[2] In order to minimize the invasion of the victim's and her family's privacy, the government will provide copies of the  statement from which the victim and her family's identifying information has been redacted  to the Court and defense counsel prior to sentencing. The government will also make available to the Court an unredacted copy of the statement for its review at sentencing.

3)      The defendant shall submit to periodic unannounced examinations of defendant's computer by the probation office.

4)      The defendant shall not possess or use any data encryption technique or program.

5)      The defendant shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and shall make the log available to the probation office for review.

6)      The defendant shall consent to third party disclosure regarding computer related restrictions to any employer or potential employer.

7)      The defendant shall not engage in employment, consulting, or associate in any way with children as a profession for the duration of his supervision.

8)      The defendant shall not participate in any volunteer activity that involves contact with minors.

9)      The defendant shall participate in mental health treatment specifically related to sexual offender therapy.

10)     The defendant shall not associate with any known sex offender.


17.  For the reasons set forth in this memorandum we submit that taking into account the nature and circumstances of the offenses involved and the history and characteristics of the defendant, the term and conditions of supervised release  requested by the government are appropriate to protect the community and to deter the defendant from re-offending .

Accordingly, we ask that the Court impose a sentence of supervised release consistent with those

recommendations.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney


        BY:

                              _____/s/_____
                              PATRICIA STEWART
                              Assistant United States Attorney
                              D.C. Bar No. 358910
                              555 4th Street, N.W. Room 4247
                              Washington, D.C. 20350
                              (202)514-7064
                              Patricia.Stewart@usdoj.gov