AO 243    (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District     District of Columbia | |
|---|---|---|
| Name of Movant        Randall Casseday | Prisoner No.        28791-016 | Case No.        06-329 (CKK) |
| Place of Confinement        Federal Correctional Institute        Loretto, Pennsylvania | FILED        FEB 19 2008 | |
| UNITED STATES OF AMERICA        V.       Randall Casseday        (name under which convicted) | Clerk, U.S. District and        Bankruptcy Courts | |

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack    United States District

    Court for the District of Columbia

2.  Date of judgment of conviction    February 15, 2007

3.  Length of sentence    90 months

4.  Nature of offense involved (all counts)    1.  18 USC 2422(b) Enticement (Federal, dismissed by

    (government)

    2.  18 USC 2252(a)(4)(B) Possession of Child Pornography (Federal)

    3.  D.C. Omnibus Public Safety Act 16-445 Enticement (DC Charge)

5.  What was your plea? (Check one)
    (a) Not guilty          ☐
    (b) Guilty              ☒
    (c) Nolo contendere     ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    N/A

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury               ☐
    (b) Judge only         ☐

7.  Did you testify at the trial?  N/A
    Yes  ☐      No ☐

8.  Did you appeal from the judgment of conviction?
    Yes  ☐      No ☒

(2)

AO 243    (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court _____N/A_____

    (b) Result _____

    (c) Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11.  If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____N/A_____

        (2) Nature of proceeding _____
_____

        (3) Grounds raised _____
_____
_____
_____
_____
_____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐    No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____N/A_____

        (2) Name of proceeding _____
_____

        (3) Grounds raised _____
_____
_____
_____
_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

(5)  Result _____

(6)  Date of result _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)  First petition, etc.          Yes ☐     No ☐
(2)  Second petition, etc.     Yes ☐     No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _Conviction obtained by plea of guilty which was unlawfully induced or not made_

_voluntarily or with understanding of the nature of the charge and the consequences of the plea._

Supporting FACTS (state *briefly* without citing cases or law): _see memorandum of law_

_____

_____

_____

_____

_____

B. Ground two: _Denial of effective assistance of counsel._

_____

Supporting FACTS (state *briefly* without citing cases or law): _see memorandum of law_

_____

_____

_____

_____

_____

C. Ground three: _Denial of right of appeal._

_____

Supporting FACTS (state *briefly* without citing cases or law): _see memorandum of law_

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

I received ineffective assistance of counsel at pre-trial and appellate stage of proceedings

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
     Yes ☐      No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing    Carey Feldman, DC Bar #202747    Feldesman Tucker Leifer Fidell LLP

Charlotte Cluverius, DC Bar #493655 (same as above)    2001 L St. NW, 2nd fl., Washington, DC 20036

(b)  At arraignment and plea    Danielle Jahn, Ass't. Federal Public Defender

625 Indiana Ave. NW  Ste. 550    Washington, DC 20004

(c)  At trial _____

_____

(d)  At sentencing    Danielle Jahn, Esq.    (same as above)

_____

(e) On appeal _____N/A_____

_____

(f) In any post-conviction proceeding _____N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____N/A_____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes    ☒       No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes    ☐       No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:  _____

_____

_____

(b) Give date and length of the above sentence:  _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_Feb. 13, 2008_____
            Date

_Randall Casseday_____
            Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANDALL CASSEDAY | ) | |
| Petitioner | ) | |
| | ) | Civil Case No. _____ |
| v. | ) | Criminal Case No. 06-329(CKK) |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

FILED

FEB 19 2008

Clerk, U.S. District and
Bankruptcy Courts

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

NOW COMES Randall Casseday (hereinafter "Petitioner"), <u>pro</u> <u>se</u>, hereinafter moves this Honorable Court for an Order to grant his 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct Sentence as it applies to the Criminal Case conviction above in the District Court of Columbia.

Further, Petitioner, <u>pro</u> <u>se</u>, requests this Honorable Court to hold the pleadings to a lesser stringent than formal pleadings drafted by lawyers. See <u>Haines v Kerner</u>, 404 US 519, 520 (1972).

### JURISDICTION

28 U.S.C. §2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constitution of the United States, if the sentence exceeded the maximum authorized by law, if the Court was without jurisdiction to impose the sentence, or if the sentence is otherwise subject to collateral attack.  The statute provides that if the Court finds for the prisoner, it may resentence him or her, or set the conviction aside, as is appropriate.

1

## PROCEDURAL HISTORY AND BACKGROUND

On September 26, 2006 Petitioner was arrested by the District of Columbia Metropolitan Police Department (DCPD) following an online sting in a chatroom between Petitioner and an undercover Detective posing as a minor. Subsequently, Petitioner was charged with violating 18 U.S.C. §2422(b) and Title 22, D.C. Code, section 3008.

On October 31, 2006, an Information was filed against Petitioner charging him with allegedly violating two Federal offenses and one District of Columbia (DC) offense: Count One-- Enticement of a Minor, in violation of Title 18 U.S.C. §2422(b); Count Two--Possession of Child Pornography, in violation of 18 U.S.C. §2252 (a)(4)(B); and Count Three--DC Omnibus Public Safety Congressional Review Emergency Act of 2006, in violation of DC Code 16-445 Section 209(d) Enticement.

On November 21, 2006, United States and Petitioner entered into a plea contract. Petitioner waived his right to have an Indictment returned pursuant to Fed.R.Cr.P. Rule 11(c)(1)(C) by a grand jury, and agreed to plead guilty to Counts 2 and 3 of the Information.

On December 21, 2006, Petitioner pled guilty to Counts 2 and 3 of the Information, before the Honorable Colleen Kollar-Kotelly, Count One of the Information was dismissed on the Government's motion.

On February 15, 2007, Petitioner appeared before the Honorable Colleen Kollar-Kotelly for sentencing. Petitioner was sentenced to 90 months, 20 years supervised release, and $200.00 special assessment fees.

Petitioner did not file for appeal, challenging his conviction or sentence.

Petitioner now brings this timely filed Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §2255.

## ISSUES PRESENTED FOR CONSIDERATION

I. WHETHER DISTRICT COURT VIOLATED RULE 11 WHEN IT:

A. FAILED TO INFORM MR. CASSEDAY OF THE ELEMENTS OF THE CRIME CHARGED, AS WELL AS, DETERMINE THAT HE UNDERSTOOD THE NATURE OF THE CHARGE(S)?

## A. SUMMARY

On December 21, 2006, Petitioner pled guilty to Counts 2 and 3 of the Information with the written plea agreement as offered by the government, before the Honorable Judge Kolleen Kollar-Kotelly. However, during the plea colloquy the Court did not inform Petitioner of the elements of the crime charged, nor did it determine whether he [completely] understood the nature of the charge in Count 2 of the Information. Specifically, it was never explained that the government was required to prove beyond a reasonable doubt the material elements of the visual depictions on the compact disc "had been mailed, shipped, and transported in interstate and foreign commerce". (See Information Count 2.) Therefore, requiring Petitioner's guilty plea to be vacated because it was unknowingly and involuntarily entered.

## DISCUSSION

To begin, Rule 11 (b)(1) reads in relevant part:

(1) **Advising and Questioning the Defendant.**
Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands the following:

3

(G) the nature of each charge to which the defendant is pleading;...

(2) **Ensuring that a Plea is Voluntary.**
Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises.

It has been emphasized that "[a] guilty plea is no mere formality, but a 'grave and solemn act.'" United States v. Artica, 411 F3d 315, 319 (2nd Cir. 2005)(quoting United States v. Hyde, 520 US 670, 677, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997)). This is because a guilty plea waives important rights, and therefore it "is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstance and like consequences.'" Bradshaw v. Stumpf, 545 US 175, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005)(quoting Brady v. United States, 397 US 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A guilty plea should be an "intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 US 25, 31, 91 S.Ct. 160 (1970). This requires that the defendant is informed of all the crime's elements, otherwise the plea is necessarily invalid. Bradshaw, 125 S.Ct. at 2405. So long as "the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel, a judge need not necessarily explain the elements of each charge on the record." Id.

Additionally, it is well settled that where a judgment of conviction upon a guilty plea is subjected to collateral attack, such as by a motion pursuant to 28 U.S.C. §2255, the judicial

inquiry is "ordinarily confined to whether the underlying plea was both counselled and voluntary". United States v. Broce, 488 US 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); accord United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

In this case, Petitioner argues that his guilty plea was unknowingly and involuntarily entered because the District Court did not inform him of the elements of the charged offense in Count 2 of the Information. Specifically, Petitioner was never informed nor counselled that the government of the United States was required to prove beyond a reasonable doubt that the visual depictions recovered from the compact disc "had been mailed, shipped, and transported in interstate and foreign commerce".

Thus, during the plea proceeding, Petitioner, being under his own uncounselled premonition affirmatively agreed on the record that he had committed the charged offense, while under the impression he was admitting guilt only based upon the essential element "knowingly possessing a compact disc which contained visual depictions". Petitioner's Affidavit at 3.

Of substantial note, the record is barren of the District Court allocuting the elements of the charged offense to which Petitioner tendered his guilty plea.

Therefore, Petitioner argues his guilty plea must be invalidated and he must be allowed to plead anew because his guilty plea was unknowingly and involuntarily entered, as well as, Petitioner did not have sufficient awareness of the relevant circumstances and likely consequences to which he was facing.

With that in mind, Count 2 of the Information carried consequences of a statutory penalty from zero (0) to ten (10)

years and Count 3 statutory penalty carried zero (0) to five (5) years. Petitioner received 30 months on Count 2 and 60 months on Count 3 to run consecutively, thus resulting in a 90 month sentence.

However, absent Count 2, with the court's approval, because the guilty plea could not be accepted, because the essential element "interstate or foreign commerce could not be satisfied, absent any basis to support such finding on the Petitioner's admission during the plea colloquy or at sentencing. Petitioner's likely consequences would have been 30 months total, based upon the correct calculations and/or enhancements adopted by the District Court, only for Count 3, clearly demonstrating that prejudice ensued. Because Petitioner has an additional unsupported or unfounded 60 month sentence to serve.

Therefore, it is apparently clear that Petitioner was not sufficiently aware of the relevant circumstances surrounding the nature of the charged offense in which he entered his guilty plea, nor aware of the likely consequences that he faced by stipulating to the elements of his guilty plea. Because the District Court violated Rule 11 when it failed to apprise Petitioner of the elements and the nature of the charged offense as alleged above.

However, Petitioner did not object at trial, sentencing or raise his issue on direct review, his claim may be argued by the government as being procedurally barred. Petitioner asserts that he will demonstrate "cause and prejudice" to overcome the defaulted claim.

6

To begin, it is well established that ineffective assistance of counsel may constitute "cause" in overcoming a procedural default, see Coleman v. Thompson, 501 US 722, 730, 115 L.Ed.2d 640, 111 S.Ct. 2546 (1991), and it applies whether the default occurred at trial, sentencing, or appeal, see Murray v. Carrier, 477 US 478, 490-492, 91 L.Ed.2d 397, 402, 106 S.Ct. 2639 (1986). Thus, a prisoner must demonstrate "cause" for his [] default of any federal claim, and "prejudice" therefrom, before the federal habeas court will consider that claim's merits.  Coleman, 501 US at 750, 115 L.Ed.2d 640, 111 S.Ct. 2546.

In the instant case, former defense counsel, Ms. Dani Jahn (Ms. Jahn), represented Petitioner throughout the entire court proceedings.  Ms. Jahn then, thereafter thoroughly investigating Petitioner's case, became aware that her client did not knowingly possessed any visual depictions on a compact disc that has been "shipped, mailed or transported in interstate or foreign commerce".

The most telling is, during a pretrial conference between petitioner and Ms. Jahn.  Petitioner explained to counsel that none of the depictions on the compact disc had been shipped or mailed or transported in interstate or foreign commerce. Petitioner's Affidavit.

Additionally, to support Petitioner's position, Ms. Jahn, after investigating or reviewing the discovery materials against Petitioner, knew or should have known that the said essential element was not or could not be satisfied.  More specifically, because there was no evidence that Petitioner downloaded any of the images via computer and placed them on the compact disc found

in his office. No evidence explains where Petitioner obtained the visual depictions found on the compact disc or who placed the images on the compact disc. Moreover, there was no evidence indicating what websites, if any, that the visual depictions were downloaded from, in any of the alleged discovery materials found through counsel's independent investigation, or provided by the government.

Yet, during the plea proceedings, Ms. Jahn counseled Petitioner to waive certain rights, admit to the facts as alleged by the government without question, and agree to a consecutive sentence, without even explaining any of the elements or nature of the charged offenses above. Further, Ms. Jahn neither explained any of the benefits or consequences of entering a guilty plea on Count 2, when its clear that the essential element of interstate or foreign commerce was never satisfied. Petitioner's Affidavit.

Here, Ms. Jahn's performance was deficient and prejudice ensued. Because but for Ms. Jahn's incompetent advice for her client to enter an unknowing and involuntary guilty plea based upon circumstances she was aware that were contrary to Petitioner's interests, namely failing to competently inform her client of the elements or nature of the charged offense that she knew or should have known that were not fully satisfied as stated above.

Thus, there is a reasonable probability that Petitioner would not have entered a plea of guilty to Count 2 and 3, and insisted upon going to trial or pleading anew to Count 3 alone, without agreeing to a consecutive sentence, where Petitioner's

sentence on Count 3 alone would have resulted in 30 months being imposed and not the 90 month sentence currently imposed.

Hence, Ms. Jahn provided ineffective assistance of counsel constituting "cause" and "prejudice" to overcome this procedurally defaulted claim.

CONCLUSION

But for the District Court violating Rule 11 and Ms. Jahn rendering ineffective assistance of counsel, there is a reasonable probability that the outcome of the plea proceedings would have been different, because Petitioner would have insisted upon going to trial or entered into a valid and competently understood guilty plea. Furthermore, because the guilty plea proceedings against Petitioner were fundamentally unfair, in that Petitioner was denied a consistent application of the law as other similarly situated defendants, namely by provided with a proper Rule 11 colloquy and effective assistance of counsel during the critical stage of the plea proceedings.

WHEREFORE, Petitioner prays that this Honorable Court vacate or set aside its current judgment and: (1) allow him to plead anew; (2) allow him to proceed to trial; or (3) conduct an evidentiary hearing to determine and sufficiently establish a record, concerning whether his guilty plea was knowingly and voluntarily entered into.

B.    FAILED TO ASCERTAIN THAT A FACTUAL BASIS EXISTED FOR PETITIONER'S PLEA?

B. SUMMARY

On December 21, 2006, Petitioner appeared before the Honorable Colleen Kollar-Kotelly for the guilty plea and the

factual basis proceedings. The District Court found that a sufficient factual basis existed to accept Petitioner's guilty plea, based upon Petitioner's stipulation with the Government's Statement of Facts, plea of guilty and admission that he was satisfied with his attorney, Ms. Jahn's representation. However, Petitioner's foundation of his guilty plea and admission of guilt were explicitly limited only to the essential element of knowledge, not that the visual depictions "had been mailed, shipped, and transported in interstate or foreign commerce". See Pet. Aff. at 4. Thus, the District Court failed to ascertain that a factual basis existed for Count Two of the Information on the record. Therefore, Petitioner's guilty plea must be invalidated.

## DISCUSSION

Rule 11(b)(3) reads, "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. In essence, Rule 11[(b)(3)], "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Defusco, 949 F.2d 114, 116 (4th Cir. 1991). The Court, however, is not required to make such a determination at the outset of the Rule 11 proceedings; it may defer its inquiry until sentencing. United States v. Mitchell, 104 F.3d 649, 651 (4th Cir. 1997). The Court also need not establish the guilty plea's factual basis through the plea colloquy, the court "may conclude anything that appears on the record." Defusco, 949 F.2d at 120.

ARGUMENT

Petitioner argues that the District Court failed to ascertain that a factual basis existed to accept his guilty plea. Specifically, because there was no evidence on the record that demonstrated or by Petitioner's admissions provided a factual basis that the visual depictions he knowingly possessed had been "mailed, shipped, and transported in interstate or foreign commerce". <u>Count 2 of the Information</u>.

With regard to Count 2, Petitioner argues that the record only demonstrates that he had only admitted to knowingly possessing a compact disc containing visual depictions, nothing more.

During the proceedings, Petitioner was placed under oath and allocuted that he only knew of possessing a compact disc containing visual depictions. <u>See</u> Plea tr.

Although the District Court was aware of this during or after Petitioner's testimony, it was satisfied that a factual basis existed to accept his guilty plea, although the record failed to support its findings of the essential element "had been mailed, shipped, and transported in interstate and foreign commerce". <u>Count 2 of the Information</u>.

Thus, Petitioner's guilty plea must be vacated or set aside because the District Court violated Rule 11 and failed to ensure that Petitioner's guilty plea was factually sufficient to constitute the charged offense.

However, because Petitioner failed to raise this claim on direct review, his claim may be argued as being procedurally barred by the Government. Therefore, in order to have the merits

of his claim determined by the District Court, Petitioner must demonstrate "cause and prejudice" to overcome the default.

Again, it is well established that ineffective assistance of counsel may constitute "cause" to overcome a procedural default, see Coleman v. Thompson, 501 US 722, 730, 115 L.Ed.2d 640, 111 S.Ct. 2546 (1991), and it applies whether the default occurred at trial, sentencing, or appeal. Murray v. Carrier, 477 US 478, 490-492, 91 L.Ed.2d 397 (1986).

To establish cause for Petitioner's default based upon ineffective assistance of counsel, he must show that his attorney, Ms. Dani Jahn('s), performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 US at 488, 106 S.Ct. 2639; Strickland v. Washington, 466 US 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Here, Petitioner argues, that Ms. Jahn was fully aware that her client knowingly possessed visual depictions that had not been "mailed, shipped, and transported in interstate or foreign commerce" at any time and failed to object to the court's finding that there was a sufficient factual basis for his guilty plea. See Petitioner Affidavit.

However, prior to the guilty plea proceedings, Ms. Jahn knew or should have known that the District of Columbia Appellate Court recognized that Rule 11(b)(3), requires the court, before entering judgment, to "determine that there is a factual basis for the plea." If the defendant proclaims his innocence, however, the court must go further and determine that there is a "high probability of conviction" before accepting his guilty

12

plea.   United States v. Rashad, 396 F3d 398, 402 (DC Cir. 2005)(quoting Bruce v. United States, 379 F2d 113, 119 (DC Cir. 1967)).

In this case, Ms. Jahn was aware that her client clearly did not admit to the charged offense, yet she did nothing to ensure that her client's guilty plea was validly accepted in compliance with the law.   Ms. Jahn's performance was deficient and resulted in prejudice to the Petitioner.   Petitioner argues that there is a reasonable probability that but for Ms. Jahn's failure to object to the District Court's findings that a sufficient factual basis did not exist to accept Petitioner's guilty plea. Specifically, because Petitioner never admitted that the visual depictions had ever been "mailed, shipped, and transported in interstate or foreign commerce", at any time.

There is a reasonable probability Petitioner's guilty plea would not have been accepted by the District Court because said essential element of Count 2 was not satisified.   Moreover, Petitioner would not have entered into a guilty plea and would have insisted on pleading anew to only Count 3 of the Information or demanded a trial by jury.   Because of Counsel's failure to timely object, Petitioner was subjected to being sentenced to an unlawful consecutive sentence, namely 60 months on Count 2 and 30 months on Count 3, according to the plea agreement.

Therefore, Petitioner argues that because he received ineffective assistance of counsel during the guilty plea proceedings where counsel failed to object to the District Court's factual basis findings and with the District Court violating Rule 11 by failing to ascertain a factual basis to

accept Petitioner's guilty plea, the plea proceedings against him were fundamentally unfair and his substantial rights were affected. Petitioner argues, because his Sixth Amendment right to assistance of counsel and effective assistance of counsel, as well as, his statutory right to ensure his guilty plea was validly accepted, under Rule 11, was violated.

Unfortunately, Petitioner's rights during the plea proceedings were not protected.

CONCLUSION

WHEREFORE Petitioner prays that this Honorable Court vacate or set aside his guilty plea because the Court failed to ascertain a sufficient factual basis to accept his guilty plea and: (1) allow him to plead anew; (2) proceed to trial; or (3) grant any other relief that it deems just and necessary to remedy this violation.

> C. WHETHER PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT, WHEN COUNSEL FAILED TO FILE A TIMELY NOTICE OF APPEAL?

C. SUMMARY

After the conclusion of Petitioner's sentencing proceedings, Petitioner specifically instructed his former counsel, Ms. Jahn, to file a timely notice of appeal on his behalf. Unfortunately, Ms. Jahn ignored Petitioner's requested instructions by failing to do so and failing to consult with him regarding the benefits or consequences of pursuing an appeal. Thus, Ms. Jahn provided ineffective assistance of counsel.

ARGUMENT

14

In this instant case, Petitioner argues that he adamantly instructed his former counsel, Ms. Jahn, to file a timely notice of appeal on his behalf, soon after the conclusion of his sentencing proceedings ended. See <u>Petitioner Aff.</u> at 14. Thus, with Petitioner expressing his desire to appeal, Ms. Jahn ignored his request and failed to consult with Petitioner concerning the benefits or consequences of pursuing a direct appeal. See <u>Petitioner Aff.</u> at 18.

Even while Ms. Jahn's actions or inactions were being perceived as violative of the Sixth Amendment, Petitioner diligently had written correspondence more than once to express his interest in challenging his conviction or sentence. Petitioner's first request was responded to by letter, while other continuing requests were not responded to. <u>See</u> Pet. Aff. at 19.

Indeed, the Sixth Amendment entitles a criminal defendant to effective assistance on direct appeal. <u>United States v. Peak</u>, 992 F.2d 39 (4th Cir. 1993). The adequacy of counsel's performance on direct appeal is judged according to the test set forth in <u>Strickland v. Washington</u>, 466 US 668, 104 S.Ct. 2052, 80 80 L.Ed.2d 674 (1984). The petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. <u>Id</u>. Defense counsel's failure to act on behalf of his [her] client's best interest deprives the client of effective assistance of counsel. <u>United States v. Barbour</u>, 813 F.2d 1232, 1234 (DC Cir. 1987).

The United States Supreme Court, in Roe v. Flores-Ortega, clarified the application of the Strickland standard to a claim that an attorney was constitutionally deficient for failing to file a notice of appeal. The inquiry is "whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478, 120 S.Ct. at 1035. The Court emphasized that it employed the term 'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id.

If counsel had consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal. Id.

In order to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id at 482, 120 S.Ct. at 1038.

Thus, not only is it clear that Ms. Jahn's failure to file a timely notice of appeal as Petitioner instructed her to do so, but because counsel ignored his request and failed to consult with him regarding the benefits or consequences of pursuing an appeal, Ms. Jahn's performance must be found to be constitutionally deficient and prejudice followed.

Furthermore, because Ms. Jahn was aware that she was obligated to file the appeal as requested to do so and identify possible issues for the Appellate Court even if, in her opinion those issues are not meritorious. Anders v. California, 386 US 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Finally, Petitioner asserts that there is a reasonable probability that, but for Ms. Jahn's failure to file a timely Notice of Appeal at his requested instructions and failed to consult with him concerning the benefits or consequences of pursuing an appeal, he would have timely appealed. Hence, Ms. Jahn provided ineffective assistance of counsel in violation of Mr. Casseday's Sixth Amendment rights.

WHEREFORE, Mr. Casseday prays that this Honorable Court vacate or set aside its judgment and: (1) allow him to file a timely notice of appeal; (2) conduct an evidentiary hearing to fully develop the record to determine if counsel rendered ineffective assistance of counsel; or (3) grant any other relief that this Court deems just and necessary in the interest of justice.

<u>CONCLUSION</u>

A petitioner is entitled to a "prompt hearing" under title 28 U.S.C. §2255 "unless the motion and the riles and records of the case conclusively show that the prisoner is entitled to no relief." <u>U.S. v. Pollard</u>, 959 F2d 1011, 1030 (DC Cir 1992).

The statutory language in Title 28 U.S.C. §2255 "confers a broad and flexible power to the District Court to fashion an appropriate remedy." <u>United States v. Hillary</u>, 106 F.3d1170, 1171-1172 (4th Cir. 1997); accord <u>Schlup v. Delo</u>, 513 U.S. 298 (1995)(because habeas relief is equitable in nature, the district court has greater flexibility in determining appropriate remedy).

Therefore, Mr. Flores prays that this Honorable Court will either (1) vacate his conviction and/or sentence due to the cumulative due process violations raised herein; (2) vacate his

17

conviction and/or sentence and allow him to plead anew or proceed to trial; or (3) vacate or set aside its judgment and allow him to file a timely appeal; or (4) grant a prompt evidentiary hearing, with appointment of counsel, to determine whether Ms. Jahn provided ineffective assistance of counsel.

Respectfully Presented,

_February 13, 2008_
DATE

_Randall Casseday_
Randall Casseday, Pro Se, Petitioner

---

CERTIFICATE OF SERVICE[1]

I, Randall Casseday, Petitioner, hereby certify that a copy of the foregoing MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255 was forwarded to the following partie(s) below via first class postage in the U.S. Mail from FCI Loretto, Loretto, PA, under the pains and penalties of perjury:

Patricia Stewart, AUSA
Office of the United States Attorney
555 4th Street, Room 4247
Washington, DC  20530

Nancy Mayer-Whittington, District Clerk
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC  20001

on this _14th_ day of February, 2008

_Randall Casseday_
Randall    Casseday, Petitioner
USM 28791-016
Federal    Correctional    Institute
P.O. Box 1000
Loretto, PA  15940

---

[1] A prisoner's pleadings are deemed filed, at the moment of delivery to prison officials for mailing to court. See Houston v. Lack, 487 U.S. 266, 273 (1988). Petitioner certifies that he did hand deliver his § 2255 pleadings to FCI Loretto's mail room officials on this 14th day of 2008, in the month of February.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RANDALL CASSEDAY | ) |
| Petitioner | ) |
| v. | ) Civil Case No._____ |
|  | ) Criminal Case No. 06-329(CKK) |
| UNITED STATES OF AMERICA | ) |
| Respondent | ) |

PETITIONER'S AFFIDAVIT IN SUPPORT OF HIS
28 U.S.C. §2255 MOTION TO VACATE

I, Randall Casseday, hereby solemnly declare, swear, or affirm that the following statements herein are true and correct and not misleading to the best of my first-hand knowledge and belief under the pains and penalties of perjury pursuant to 28 U.S.C. §1746, that:

1. On February 15, 2007, I appeared before the Honorable United States District Judge, Colleen Kollar-Kotelly, for a Factual Basis and Sentencing hearing or proceeding;

2. During said proceeding(s), I was represented by Attorney Dani Jahn, Esq. (Ms. Jahn).

GUILTY PLEA/FACTUAL BASIS

3. During the pretrial consultations, I admitted to Ms. Jahn that I knowingly possessed a compact disc that contained visual depictions.

4. However, during the pretrial discussions it was never explained to me or determined whether the visual depictions had traveled in interstate or foreign commerce by Ms. Jahn.

5. Ms. Jahn thereafter stated, "the government is giving us 7 days to accept the guilty plea deal for Counts 2 and 3, for a 90 month sentence."

6.   I then asked Ms. Jahn how the government arrived at a consecutive sentence.

7.   Ms. Jahn stated "That's what the plea agreement states. What do you want to do?"

8.   I then asked Ms. Jahn whether the time could be run concurrently, rather than consecutively.

9.   Ms. Jahn stated "That is what the plea agreement says, we only have 7 days to make a decision.  So you need to think about what you want to do."

10.   Ms. Jahn then explained to me that in order for the court to accept my plea of guilty to Counts 2 and 3, I must affirm that I was not threatened, induced, or coerced into accepting a guilty plea.

11.   And that I should affirm that she had explained the nature or elements of the offenses in the Information.

12.   At no time during this pretrial conference did Ms. Jahn explain to me the nature of the offenses charged nor the elements that the government was required to prove beyond a reasonable doubt on each count.

13.   Furthermore, at no time during any pretrial conference did Ms. Jahn explain the sentencing scheme guideline calculations, even though she had me affirm at sentencing that she had explained the Pre-Sentence Report.

APPEAL

14.   Approximately 3-4 days after sentencing, I spoke with Ms. Jahn by telephone and requested she file a Notice of Appeal challenging the conviction or sentence.

15.  Ms. Jahn stated, "This is not an illegal sentence.  It is a sentence you agreed to."

16.  Again, I specifically requested Ms. Jahn to file a Notice of Appeal on my behalf by letter.

17.  Ms. Jahn responded by letter quoting again "This is not an illegal sentence.  It is a sentence you agreed to."

18.  At no time during correspondence or phone conversation did Ms. Jahn consult with me regarding the benefits or consequences of seeking relief through appeal challenging my conviction or sentence.

19.  Finally, at no time did I ever receive Notice from the court or counsel that Notice of Appeal had ever been filed on my behalf.

AFFIANT FURTHER SAYETH NAUGHT!


___2/13/08_____
DATE                                          RANDALL CASSEDAY

SUBSCRIBED and sworn before me this 13th day of February, 2008.

Cambria County, PA


_____
exp. 12/5/11

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kenneth R. Hite, Notary Public
Clearfield Twp., Cambria County
My Commission Expires Dec. 5, 2011
Member, Pennsylvania Association of Notaries

3