UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | *   Criminal No. 06-329 (CKK) |
| | *   (Civil Action No. 08-332) |
| v. | * |
| | * |
| RANDALL CASSEDAY, | * |
| Defendant. | * |

**UNITED STATES' MOTION FOR AN ORDER FINDING
WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT
TO THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL
RAISED IN DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND JUDGMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court issue an Order that: (1) finds that defendant has waived the attorney-client privilege with respect to the claims of ineffective assistance of counsel raised in his § 2255 motion regarding his former counsel, Danielle Jahn; and (2) permits Ms. Jahn to discuss her representation of defendant with the United States; to disclose to the United States any documents in her possession that relate to his ineffective assistance of counsel claims; to provide an affidavit or declaration (if necessary) relating to these claims; and to testify at an evidentiary hearing (if necessary) with respect to her representation of defendant in this case. In support of this request, the United States represents as follows:

1. Defendant has filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and memorandum in support thereof. He alleges, among other things, that Ms. Jahn was constitutionally ineffective in her representation of him in this case.

2. The Court has directed the United States to respond to defendant's § 2255 motion by April 28, 2008. On April 2, 2008, the undersigned telephoned Ms. Jahn's office and learned that she is on leave and will not return until April 21, 2008. On April 3, 2008, the undersigned telephoned Ms. Jahn's supervisor, A.J. Kramer, regarding defendant's motion. Mr. Kramer explained that, upon her return, Ms. Jahn would be unable to speak with undersigned counsel about defendant's ineffective assistance of counsel claims in the absence of a Court Order deeming her attorney-client privilege waived insofar as defendant's claims of ineffective assistance of counsel are concerned.

3. The United States thus seeks an Order finding that the defendant has waived his attorney-client privilege with respect to his ineffective assistance of counsel claims.

4. It is well settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. See, e.g., In re Sealed Case, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege"); Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); United States v. Wiggins, 184 F. Supp 673, 677-678 (D.D.C 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); see also Bittaker v. Woodford, 331 F.3d 715, 716-717 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas defendant raises a claim of ineffective assistance

of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the defendant] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices"); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (finding that when the client calls into public question the competence of his attorney, the attorney-client privilege is waived); Laughner v. United States, 373 F.2d 326, 327 & n.1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties).

5. Although some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending herself against allegations of ineffectiveness, see Tasby, 504 F.2d at 336; Wiggins, 184 F. Supp. at 677-678, others make clear that waiver occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend herself against such allegations. See, e.g., Byers, 100 F.R.D. at 440 (privilege waived because information was necessary to resolve issue plaintiff raised); Laughner, 373 F.2d at 327 (defendant cannot preclude government's inquiry into one area of evidence likely to contradict his claims in support of motion for new trial).

6. Here, by filing his § 2255 motion, defendant has put Ms. Jahn's representation, including her advice and counsel, directly in issue. He has, therefore, waived the attorney-client privilege with respect to her representation of him.

7. Based on our discussion with her supervisor, Mr. Kramer, it is clear that Ms. Jahn will not discuss the case, submit an affidavit or declaration, or testify at an evidentiary hearing absent a ruling from this Court that defendant has waived his attorney-client privilege.

8. Accordingly, the United States requests that the Court issue an Order: 1) finding that the attorney-client privilege has been waived with respect to the ineffective assistance of counsel claims that defendant has raised regarding Ms. Jahn's representation in this case; and 2) authorizing Ms. Jahn to discuss those claims with the United States; to disclose to the United States copies of any documents relevant to those claims; to provide an affidavit or declaration (if necessary) relating to those claims; and to testify at an evidentiary hearing (if necessary) with respect to her representation of the defendant in this case.

9. A proposed Order is attached.

**WHEREFORE**, the United States respectfully requests that the Court grant this motion.

April 3, 2008                                        Respectfully submitted,

                                                     JEFFREY A. TAYLOR
                                                     United States Attorney
                                                     D.C. Bar Number 498-610

                                                     ROBERT D. OKUN
                                                     Chief, Special Proceedings Division
                                                     D.C. Bar Number 457-078
                                                     _____/s/_____
                                                     MARGARET J. CHRISS
                                                     Assistant United States Attorney
                                                     D.C. Bar Number 452-403
                                                     Margaret.Chriss@usdoj.gov
                                                     555 4th Street, N.W.
                                                     Washington, D.C. 20530
                                                     (202) 307-0874

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that, this 3rd day of April 2008, a copy of the foregoing Motion for an Order Finding Waiver of Attorney-Client Privilege With Respect to the Claims of Ineffective Assistance of Counsel Raised in Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and proposed order, was served via first class mail, postage pre-paid, upon:

Mr. Randall Casseday
Fed. Reg. # 28791-016
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

                                                       /s/
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| | *   Criminal No. 06-329 (CKK) |
| | *   (Civil Action No. 08-332) |
| **v.** | * |
| | * |
| **RANDALL CASSEDAY,** | * |
| Defendant. | * |

**ORDER**

Upon consideration of the United States' Motion for an Order Finding Waiver of Attorney-Client Privilege with Respect to the Claims of Ineffective Assistance of Counsel Raised in Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, it is hereby:

ORDERED that the attorney-client privilege as it applies to defendant's former counsel, Daniielle Jahn, in relation to the ineffective assistance of counsel claims raised by defendant in his pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and his memorandum in support thereof, shall be deemed waived;

And it is FURTHER ORDERED that Ms. Jahn shall be permitted to discuss her representation of the defendant with the United States, disclose to the United States any documents in her possession that relate to defendant's ineffective assistance of counsel claims, provide an affidavit or declaration (if necessary) relating to these claims, and testify at an evidentiary hearing (if necessary) with respect to her representation of the defendant in this case.

SO ORDERED.

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge

<u>Copies to:</u>

Margaret J. Chriss
Assistant United States Attorney

Mr. Randall Casseday
Fed. Reg. # 28791-016
FCI Loretto
P.O. Box 1000
Loretto, PA 15940