UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| | *   **Criminal No. 06-329 (CKK)** |
| | *   **(Civil Action No. 08-332)** |
| **v.** | * |
| | * |
| **RANDALL CASSEDAY,** | * |
| **Defendant.** | * |

### UNITED STATES' NOTICE OF POSITION

Pursuant to the Court's Order of April 15, 2008, the United States, by and through its attorney, the United States Attorney's Office for the District of Columbia, submits its Notice of Position regarding defendant's pro se Motion to Receive Specified Court Documents Reproduced at Government's Expense Pursuant to 28 U.S.C. §§ 2250 and 753(f) ("Motion for Documents").  The only documents sought by defendant that are necessary to decide his claims pursuant to 28 U.S.C. § 2255 - namely, the transcripts from the plea colloquies and the sentencing - will be attached as exhibits to our Opposition to his section 2255 motion.  In addition, because defendant was arraigned immediately before the first plea colloquy in this case, his arraignment is included in that plea transcript.  Thus, he also will receive the transcript from his arraignment.  As to the other documents that defendant seeks, we do not believe he is entitled to receive these documents at public expense.

### Explanation of Position

The Court conducted plea colloquies in this case on November 20 and December 21, 2006.  On February 15, 2007, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Court accepted the plea agreement and imposed the sentence requested by the parties.  Defendant did not note an appeal.  On or about February 13, 2008, he filed a pro se motion pursuant to 28 U.S.C. § 2255,

contending that his guilty plea in this case was not knowing and voluntary and that his counsel was constitutionally ineffective in her representation during the plea process and in her failure to file a Notice of Appeal despite his alleged request that she do so.

On or about April 8, 2008, defendant filed an Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> and the instant Motion for Documents. In the latter filing, he requests that, pursuant to 28 U.S.C. §§ 2250 and 753(f), the United States provide him with copies of transcripts from the arraignment, the plea colloquies, and the sentencing, as well as copies of the search warrant and the criminal docket sheet. He states that he needs "complete documentary information preparing the above motions for his Appellate preparation and Habeas Corpus challenge of the constitutionality of his sentencing." Mtn. for Docs. at 1.

Section 753(f) states in part that "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Here, defendant's request for the transcripts from the plea colloquies and sentencing appears to be necessary to deciding his section 2255 claims. The United States intends to include these transcripts as exhibits to its Opposition to that motion. Thus, defendant will receive these documents shortly.

As to his request for a copy of the transcript from the arraignment, defendant's section 2255 claims do not involve this proceeding and his Motion for Documents does not contend otherwise. Nonetheless, because defendant was arraigned on November 20, 2006, the date of the

first plea colloquy in this case, he will receive the transcript from his arraignment because, as noted above, the United States intends to attach the November 20, 2006 transcript as an exhibit to its Opposition.

As to defendant's request for copies of the search warrant and the criminal docket sheet, we do not believe that he is entitled to receive at public expense copies of these documents. Although he seeks the documents under section 753(f), that provision applies only to transcripts. Because defendant's request for these documents essentially is a request that the government provide him with discovery, his request falls under Rule 6 of the Rules Governing Section 2255 Proceedings. That rule states in part that "[a] party requesting discovery must provide reasons for the request." See Rules Governing Section 2255 Proceedings, Rule 6(b). Defendant's section 2255 claims plainly do not pertain to the search warrant and he has provided no reason whatsoever to support his request for a copy of the criminal docket sheet.

Moreover, while his section 2255 motion was timely filed on February 13, 2008, the one-year period of limitations for filing such a motion has now run.[1] A defendant seeking to amend a timely-filed section 2255 motion may do so only if the new claims "relate back" to the

---

[1] "In most cases," a defendant must file a section 2255 motion within one year of the date on which his or her conviction becomes final. Dodd v. United States, 545 U.S. 353, 357 (2005); 28 U.S.C. § 2255(f). Where, as is the case here, "a criminal defendant does not file a notice of direct appeal within the required ten-day period, circuits have held that the proper date for beginning the § 2255 statute of limitations is either the date judgement is entered or the date by which a notice of appeal must be filed." United States v. Washington, 271 F. Supp. 2d 278, 281 (D.D.C. 2003). The Judgment and Commitment Order in this case was entered on February 20, 2007. Hence, defendant's conviction became final, at the latest, on March 6, 2007, which is ten business days after February 20, 2007 and the date by which the time for filing an appeal expired. Fed. R. App. P. 4(b)(1)(a), 4(b)(6) & 26(a). Defendant's section 2255 motion was filed on or about February 13, 2008, less than one year after his conviction became final, and thus was timely. Any claims filed after March 6, 2008 will be untimely, unless they "relate back" to his timely claims.

defendant's timely-filed section 2255 claims.  See Mayle v. Felix, 545 U.S. 644 (2005).  Here, defendant's timely section 2255 claims do not pertain to the search warrant (or, for that matter, the arraignment) and therefore, he may not amend his section 2255 motion to add new claims relating to these subjects.  Thus, it is not an appropriate use of public monies to provide defendant with a copy of the search warrant, nor is it an appropriate public expense to provide him with a copy of the criminal docket sheet so that he may peruse that document with an eye toward discovering "new" (and time-barred) section 2255 claims.  In sum, we do not believe that defendant is entitled to receive copies of these documents at public expense.

April 21, 2008                                          Respectfully submitted,

                                                        JEFFREY A. TAYLOR
                                                        United States Attorney
                                                        D.C. Bar Number 498-610

                                                        JOHN P. MANNARINO
                                                        Assistant United States Attorney
                                                        Chief, Special Proceedings Division
                                                        D.C. Bar Number 444-384

                                                        ___/s/_____
                                                        MARGARET J. CHRISS
                                                        Assistant United States Attorney
                                                        D.C. Bar Number 452-403
                                                        Special Proceedings Division
                                                        555 4th Street, N.W.
                                                        Washington, D.C.  20530
                                                        (202) 307-0874
                                                        Margaret.Chriss@usdoj.gov

## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that, this 21st day of April 2008, a copy of the foregoing Notice of Position was served via first class mail, postage pre-paid, upon:

Mr. Randall Casseday
Fed. Reg. # 28791-016
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

    /s/_____
Assistant United States Attorney