Copies to: Judge
AUSA – Special Proceedings
Dft.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDALL CASSEDAY, ) | |
|     Petitioner, ) | Criminal Case No. 06-329(CKK) |
| ) | Civil Case No. 08-322 |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

FILED
APR 21 2008
Clerk, U.S. District and
Bankruptcy Courts

MOTION FOR EXTENSION OF TIME AND FOR LEAVE TO SUPPLEMENT
PETITIONER'S 28 U.S.C. §2255 MOTION TO VACATE, SET ASIDE OR
CORRECT A SENTENCE BY A PRISONER IN FEDERAL CUSTODY

**NOW COMES RANDALL CASSEDAY**, ("Petitioner") pro-se, in the above entitled matter, and respectfully urges this Honorable Court to grant him leave for an extension of time and to supplement his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 as additional arguments became apparent and available. In support of this request, the Petitioner respectfully refers this Court to the arguments and authorities set forth in his Memorandum of Law in Support of His Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 ("Memorandum of Law"), and further states:

1. Petitioner, moving pro-se, determined the sentencing arrangement devised by the United States Attorney's office, and encouraged by Petitioner's Counsel during pre-trial negotiations, thus rendering ineffective assistance of counsel and prejudicing Petitioner, was created outside the sentencing guidelines in violation of the United States Sentencing Guidelines and violated Rule 11(b)(1)(M) of the Federal Rules of Criminal Procedure, irrespective of the binding effect of the Rule 11(c)(1)(C) plea agreement.

2.  Petitioner, moving pro-se, with limited access to documents and evidence discovered while incarcerated pertaining to this instant case, found additional evidentiary support in support of issues not previously raised and that should have been raised through effective assistance of counsel. Namely, evidence seized from Petitioner's office subsequent to a search conducted pursuant to a Search Warrant on September 28, 2006, violates the Fourth Amendment's Search and Seizure protections.

3.  It is respectfully submitted that leave to supplement his 28 U.S.C. §2255 Motion and Memorandum of Law is required for the Petitioner to adequately and fully assert all the grounds upon which his 28 U.S.C. §2255 Motion should be granted. See 28 U.S.C. §2242 (stating that habeas corpus application "may be amended or supplemented as provided by the rules of procedure applicable to civil actions"); Fed.R.Civ.P. Rule 15 (a)(1)(A) Amended and Supplemental Pleadings.

Therefore, Petitioner respectfully urges this Honorable Court to grant him leave to supplement his 28 U.S.C. §2255 Motion as additional documents and evidence became available to Petitioner in a restricted and limited environment.

Dated: April 18, 2008.

Respectfully submitted,

*Randall Casseday*
Randall Casseday
USM 28791-016
FCI Loretto
Loretto, PA  15940

## CERTIFICATE OF SERVICE AND MAILING

       **I, RANDALL CASSEDAY, HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C. §1746(2), that a true and complete copy of the foregoing motion was placed in the mailbox of the FCI Loretto this 18th day of April, 2008, First Class postage prepaid addressed to the following:

CLERK OF THE COURT
Nancy Mayer-Whittington, District Clerk
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave. NW
Washington, DC  20001

Margaret J. Chriss, AUSA
Office of the United States Attorney
Special Proceedings Division
555 4th Street
Washington, DC  20530

*Randall Casseday*
Randall Casseday, Petitioner
USM 28791-016
FCI Loretto
P.O. Box 1000
Loretto, PA  15940