UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | Criminal No. 06-329 (CKK) |
| | * | (Civil Action No. 08-332) |
| v. | * | |
| | * | |
| RANDALL CASSEDAY, | * | |
| Defendant. | * | |

**FILED**

AUG 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Upon consideration of the United States' Second Motion for Extension of Time to File its Response to defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and to his Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody Pursuant to Rule 15 of Federal Civil Judicial Procedure, and for good cause shown, it is this 26th day of August 2008 hereby:

**ORDERED** that the motion is granted and that the United States shall file its response to defendant's section 2255 motions by September 9, 2008.

**SO ORDERED**.

COLLEEN KOLLAR-KOTELLY
United States District Judge

<u>Copies to</u>:

Margaret J. Chriss
Assistant United States Attorney

Mr. Randall Casseday
Fed. Reg. # 28791-016
FCI Petersburg Low
P.O. Box 1000
Petersburg, VA 23804

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDALL CASSEDAY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Crim. Action No. 06-329 (CKK)<br>Civ. Action No. 08-332 |

**FILED**

AUG 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER DENYING MOTION TO PROCEED PSEUDONYMOUSLY**
(August 25, 2008)

Currently before the Court is Petitioner Randall Casseday's *pro se* Motion to Proceed Pseudonymously submitted on June 9, 2008, and filed under seal "until further order of the Court" on June 24, 2008. *See* [42] Order at 1 (June 24, 2008). The Government filed an Opposition to Petitioner's Motion on July 22, 2008. Having considered the foregoing party submissions, applicable case law, statutory authority, and the entire record of the case herein, the Court shall deny Petitioner's Motion to Proceed Pseudonymously and shall unseal Petitioner's Motion, for the following reasons.

On February 15, 2007, Petitioner pled guilty to one count of Possessing Material Constituting or Containing Child Pornography, 18 U.S.C. §§ 2252(a)(4)(B), and one count of Enticing a Child, Section 216(d) of the District of Columbia Omnibus Public Safety Congressional Review Emergency Act of 2006, Act 16-445, pursuant to which Petitioner received a sentence of 90 months of imprisonment reflecting a sentence entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On February 14, 2008, Petitioner initiated a habeas proceeding to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

These proceedings have been reflected on the public docket and have included public filings. Despite the foregoing, on June 9, 2008, Petitioner submitted the instant Motion asking the Court to allow him to henceforth proceed anonymously in this case.[1]

Petitioner's Motion is based on perceived threats to his safety. He alleges that he has "been subjected to ridicule, scorn, segregation, gossip, threats by more than one person on his life and safety resulting in a voluntary request for protection." Pet'r's Mot. at 1. He also alleges that he fears harassment and intimidation, and is "constantly in a guarded frame of mind" because he has witnessed "other inmates who search case law and records for other inmates as their victims." *Id.* at 2. Finally, Petitioner alleges that he has "observed abusive behavior perpetrated onto other inmates for various reasons" and that "[r]idicule and threats are a common problem that require[] special care [sic] to remain anonymous as much as possible to avoid attracting harm from others, especially in cases involving the charges against Petitioner." *Id.* at 2.

Parties in civil and criminal judicial proceedings must typically identify themselves to "'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of [] parties.'" *United States v. Microsoft*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). While courts may grant "rare dispensation" to allow a party to proceed pseudonymously, *id.* at 1464, such dispensation is only appropriate for rare, critical, or unusual cases, as determined by a judicial inquiry into the circumstances of the particular case. *Id.* at 1464. Chief Judge Royce C. Lamberth has explained that, under this standard, "[s]uch critical or unusual cases may include those in which

---

[1] The Government notes that Petitioner's Motion could be interpreted as a request to have the entire case placed under seal. *See* Gov't's Opp'n at 2 n.1. Although the Court does not read Petitioner's Motion as requesting that relief, in the event that Petitioner intended to make this request, the Court would deny it for the same reasons articulated in the text herein.

'identification creates a risk of retaliatory physical or mental harm, those in which anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature,' and those in which the anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10-11 (D.D.C. 2005).

The Court finds that allowing Petitioner to henceforth proceed pseudonymously is unwarranted on this record. Petitioner's criminal case (including the habeas proceedings), and the filings made therein, were posted on the public docket, so any concerns that Petitioner has about "inmates who search case law and records for other inmates," Pet'r's Mot. at 2, would not be redressed by his now proceeding under a pseudonym. Where information has already been disclosed publicly, a party's interest in proceeding under a pseudonym is greatly reduced. *See Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. App'x 810, 811 (10th Cir. 2006) ("[i]n cases where the sensitive information has already been disclosed during a party's prior litigation under its real name, the social interest in allowing a party to proceed anonymously is limited").[2] In addition, several of Petitioner's articulated concerns, such as "ridicule, scorn, segregation, and gossip," or being in a "guarded frame of mind," are not generally considered sufficiently "rare" or "critical" to overcome the presumption of openness in judicial proceedings. *Id.* ("[a] plaintiff's desire 'to merely avoid the annoyance and criticism that may attend any litigation' is not sufficient to justify pseudonymous proceedings") (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("the fact that [a plaintiff] may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym").

---

[2] The Court also notes that Petitioner has not raised safety concerns in any of his previous filings.

Petitioner is correct that courts have allowed parties or witnesses to proceed using pseudonyms based on safety concerns in some instances, and Petitioner has cited cases to that effect. *See* Pet'r's Mot. at 1-3. Those cases, however, presented safety concerns that were unique to one or more individuals, and were not based on concerns that are generally associated with persons who are incarcerated or convicted of a particular offence. The Ninth Circuit recently explained this distinction in *United States v. Stoterau*, a case where the defendant pled guilty to one count of transporting child pornography. 524 F.3d 988 (9th Cir. 2008). The defendant subsequently filed a direct appeal of his sentence and a motion to proceed using a pseudonym because "dissemination of information" about his crime could put him at risk in prison. *Id.* at 1012. The Ninth Circuit rejected his request to proceed using a pseudonym because his concerns about "elevated risk of violent abuse in prison" were not "unusual" for similarly situated prisoners:

> because this concern is equally present for all similarly situated sex offenders who face prison sentences, we cannot say that [the defendant's] case is unusual. Indeed, in the sentencing context, courts have rejected the argument that 'mere membership in a class of offenders that may be targeted by other inmates' is sufficient to make a defendant's case extraordinary.

*Id.* at 1013 (internal quotation marks and citation omitted). The court also questioned the "value" of allowing the defendant to proceed under a pseudonym because, as in this case, the defendant's conviction was already a matter of public record, and many filings had already been posted on the public docket. *Id.*

As in *Stoterau*, the safety concerns raised by Petitioner are not so unique or rare that proceeding with a pseudonym is warranted. In fact, Petitioner even concedes that *other* prisoners have the same safety concerns. *See* Pet'r's Mot. at 1 ("[Petitioner] has witnessed other inmates

4

who search case law and records for other inmates as their victims at their respective institutions"); *id.* at 2 ("Petitioner has observed abusive behavior perpetuated onto other inmates for various reasons"); *id.* ("[r]idicule and threats are a common problem"). In this context, prison officials, and not courts, are primarily responsible for securing the safety of Petitioner and other inmates. *See Stoterau*, 538 F.3d at 1013 (explaining that prison officials have "the primary responsibility" to ensure the safety of prisoners).[3] Indeed, by Petitioner's own admission he has voiced concerns about his safety to prison officials and they have moved him to another prison facility. *See* Pet'r's Mot. at 1. Thus, Petitioner's arguments related to his safety concerns provide no basis for the relief he requests.

Accordingly, it is, this 25 day of August, 2008, hereby

**ORDERED** that Petitioner's Motion to Proceed Pseudonymously is denied; it is further

**ORDERED** Petitioner's Motion to Proceed Pseudonymously shall be unsealed and posted on the public docket; and it is further

**ORDERED** that the Government's Opposition to Petitioner's Motion to Proceed Pseudonymously shall *not* be filed under seal and shall be posted on the public docket.

**SO ORDERED.**

                                                    /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

---

[3] For this reason, the main cases cited for support by Petitioner are clearly distinguishable because they involve concerns that are unique to the individuals involved. *See, e.g., United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (allowing a defendant to proceed by pseudonym because the defendant had testified for the government and both sides agreed that he needed protection).