IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNSEALED**

RANDALL CASSEDAY, )
    Petitioner, ) Criminal Case No. 06-329(CKK)
     ) Civil Case No. 08-322
vs. )
)
UNITED STATES OF AMERICA, )
    Respondent. )

FILED
JUN 24 2008
Clerk, U.S. District and
Bankruptcy Courts

Motion To Proceed Pseudonymously

**NOW COMES RANDALL CASSEDAY,** ("Petitioner"), pro-se, in the above entitled matter, and respectfully moves this Honorable Court, for an Order to allow Petitioner to file under seal and to proceed pseudonymously in this case, for reasons of safety and security of Petitioner, who is incarcerated in the Federal Bureau of Prisons system.

Declaration of: Randall Casseday, under penalties of perjury pursuant to 28 U.S.C. §1746.

DISCUSSION

Petitioner has been incarcerated since September 26, 2006, in various jails, prisons, and other facilities following his arrest on that date. During this time of imprisonment (without bail) he has been subjected to ridicule, scorn, segregation, gossip, threats by more than one person on his life and safety resulting in a voluntary request for protection (for 80 days before being moved to another prison facility). Petitioner still fears harassment and intimidation currently, is constantly in a guarded frame of mind, and has witnessed other inmates who search case law and records for other inmates as their victims at their

respective institutions. Petitioner has observed abusive behavior perpetuated onto other inmates for various reasons, including being accused of crimes not committed by them or by Petitioner himself. Ridicule and threats are a common problem that requires special care to remain anonymous as much as possible to avoid attracting harm from others, especially in cases involving the charges against Petitioner.

In <u>John Doe, Inc. v. DEA</u>, 484 F3d 561, 563 (DC Cir 2007), Plaintiff was allowed to proceed as "John Doe" for reasons of security to protect disclosure of Plaintiff's identity in their civil action against the DEA to obtain licensing for manufacture of a pharmaceutical in the United States. "The identity in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for a cloak of anonymity, but pseudonyms may be allowed where necessary to protect a person from harassment, injury, ridicule, or personal embarassment." <u>United States v John Doe</u>, 655 F2d 920, 922 (9th Cir 1980).

The Supreme Court has given implicit recognition to the use of pseudonyms in the abortion cases, <u>Roe v Wade</u>, 410 US 113, 93 SCt 705, 35 LEd2d 147 (1973), and <u>Doe v Bolton</u>, 410 US 179, 93 SCt 739, 35 LEd2d 201 (1973). Id. at 922.

In <u>U.S. v Bateman</u>, 805 FSupp 1058, 1061 (D.N.H.1992), the District Court found "in the criminal context, where the more carefully guarded rights of the defendant are involved, the standard [of protection of identity] is much higher, generally that of actual physical danger."

The factors to evaluate the need for anonymity were set forth in <u>DOES I THRU XXIII v ADVANCED TEXTILE CORP.</u>, 214 F3d

1058, 1068 (9th Cir 2000): the severity of the threatened harm, see <u>Southern Methodist University Ass'n of Women Law Students v Wynne & Jaffe</u>, 599 F2d 707 at 713 (5th Cir 1979); the reasonableness of the anonymous party's fears, see <u>Doe v Stegall</u>, 653 F2d 180, 186 (5th Cir 1981); the anonymous party's vulnerability to such retaliation, <u>Doe II</u> 655 F2d at 922 n.1 (recognizing enhanced risks to longer term prison inmate). The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. See <u>James v Jacobsen</u>, 6 F3d 233 at 240-241. Finally the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. See <u>Stegall</u> 653 F2d at 185 (recognizing that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them").

Although Plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, see <u>Nixon v Warner Communications, Inc.</u>, 435 US 589-99, and Rule 10(a)'s command that the title of every complaint "include the names of all the parties", FedRCivP 10(a), nevertheless, many federal courts...have permitted parties to proceed anonymously when special circumstances justify secrecy. <u>DOES I</u>, 214 F3d at 1067.

**WHEREFORE,** to protect the security and safety of Petitioner through the proceedings from this stage forward, as evidenced by Petitioner's removal from one Institution already, and potential threat of harm resulting from prisoner access to published

opinions, as well as other media material, Petitioner prays this Court to grant Petitioner's Motion for Leave to File Under Seal and to Proceed Pseudonymously (as "John Doe").

JURAT

I hereby declare under penalties of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

*Randall Casseday*
Randall Casseday, Declarant

Respectfully submitted this 9th day of June, 2008.

## CERTIFICATE OF SERVICE AND MAILING

      **I, RANDALL CASSEDAY, HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C. §1746(2), that a true and complete copy of the foregoing motion was placed in the mailbox of the FCI Loretto this 9th day of June, 2008, First Class postage prepaid addressed to the following:

CLERK OF THE COURT
Nancy Mayer-Whittington, District Court
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave. NW
Washington, DC  20001

Margaret J. Chriss, AUSA
Office of the United States Attorney
Special Proceedings Division
555 4th Street NW
Washington, DC  20530

 

*Randall Casseday*
Randall Casseday, Petitioner
USM 28791-016
FCI Loretto
P.O. Box 1000
Loretto, PA  15940