ORIGINAL

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNSEALED**

FILED

JUL 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Criminal No. 06-329 (CKK)** |
| | * | **(Civil Action No. 08-332)** |
| **v.** | * | |
| | * | ~~Under Seal~~ |
| **RANDALL CASSEDAY,** | * | |
| **Defendant.** | * | |

**UNITED STATES' OPPOSITION TO**
**DEFENDANT'S JUNE 9, 2008 MOTION FOR LEAVE TO FILE**
**UNDER SEAL AND TO PROCEED PSEUDONYMOUSLY**

The United States, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits its Opposition to defendant's pro se June 9, 2008

Motion For Leave to File Under Seal and to Proceed Pseudonymously. For the reasons stated

below, defendant's motion should be summarily denied.

**BACKGROUND**

In open court on February 15, 2007, and pursuant to Fed. R. Crim. P. 11(c)(1)(C), this

Court accepted defendant's guilty plea to one count of Possessing Material Constituting or

Containing Child Pornography (18 U.S.C. §§ 2252(a)(4)(B), (b)(2), 2256) and one count of

Enticing a Child (D.C. Omnibus Public Safety Congressional Review Emergency Act of 2006,

Act 16-445, § 209(d)), and imposed the agreed-upon sentence of 90 months' imprisonment.

On or about February 14, 2008, defendant filed a Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On April 8, 2008, he

filed a Motion to Receive Specified Court Documents Reproduced at Government Expense

Pursuant to 28 U.S.C. § 2250 and 753(f). On April 21, 2008, he filed a Motion for Extension of

Time and for Leave to Supplement his Section 2255 motion. On April 23, 2008, he filed an

PS

Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Prisoner in

Federal Custody Pursuant to Rule 15 of Federal Civil Judicial Procedure. And on April 30,

2008, he filed a Response to United States' Notice of Position regarding his motion seeking

documents reproduced at government expense. In all of these filings, defendant used his own

name, made no attempt to conceal his identity, and did not claim that he was in any danger.

On June 9, 2008, defendant filed the instant motion in which he appears to ask that the

Court permit him to henceforth proceed by pseudonym because he perceives himself to be at risk

in prison. The Court subsequently accepted defendant's motion and allowed it to be filed under

seal. As explained below, defendant has not shown that he is entitled to the "rare dispensation"

of being able to hide his identity in this matter. Accordingly, the Court should summarily deny

his motion.[1]

## ARGUMENT

"[J]udical proceedings, civil as well as criminal, are to be conducted in public. . . .

Identifying the parties to the proceedings is an important dimension of publicness. The people

have a right to know who is using their courts." Doe v. Blue Cross & Blue Shield United of

Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997) (citing United States v. Microsoft, 56 F.3d 1448,

---

[1] Defendant's motion is entitled "Motion For Leave to File Under Seal and to Proceed Pseudonymously." It thus appears that he seeks to proceed anonymously in this case and to have his motion making this request be filed under seal, rather than to have the case itself placed under seal. However, if defendant seeks to have the case placed under seal, we oppose that request because he has not shown a "compelling interest" to justify removing this matter from the public eye. See Washington Post v. Robinson, 935 F.2d 282, 287 (D.C. Cir. 1991); see also United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) (denying convicted sex offender's request that disposition of direct appeal be filed under seal because he had not shown a "compelling justification" for his request); United States v. Mentzos, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (same).

1464 (D.C. Cir. 1995)). Hence, "[t]he Federal Rules of Civil Procedure [and] this Court's Local

Civil Rules require that complaints state the names of the parties; they make no provision for

pseudonymous litigation." Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005). However, this

Court nonetheless has discretion "to grant the 'rare dispensation' of anonymity against the world

. . ., [but] even in that situation the court has 'a judicial duty to inquire into the circumstances of a

particular case to determine whether the dispensation is warranted.'" Microsoft, 56 F.3d at 1464

(quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). "The 'rare dispensation' of

allowing parties to proceed pseudonymously is only justified in the 'critical' case, James v.

Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), or the 'unusual case,' [Does I Thru XXIII v.]

Advanced Textile [Corp.], [214 F.3d 1058,] 1067 [(9th Cir. 2000)]." Qualls, 228 F.R.D. at 10;

see also M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) ("exceptional case" required to

permit a plaintiff to proceed anonymously); Doe v. Blue Cross, 112 F.3d at 872 (noting that "the

use of fictitious names is disfavored" and that "a departure from the normal method of

proceeding in federal courts" is permitted only in "exceptional circumstances"); Doe v. Frank,

951 F.2d 320, 323 (5th Cir. 1992) (plaintiff may proceed under a fictitious name only if the

circumstances are "exceptional"); Doe v. Von Eschenbach, 2007 WL 1848013, *1 (D.D.C. June

27, 2007) ("in this Circuit . . . a request [to proceed by pseudonym] should be granted only in rare

instances") (citing Microsoft, 56 F.3d at 1464).

In assessing whether a party has established "exceptional circumstances" sufficient to

allow him or her to proceed by pseudonym, courts "take into account the risk of unfairness to the

opposing party . . . as well as 'the customary and constitutionally-embedded presumption of

openness in judicial proceedings.'" Microsoft, 56 F.3d at 1464 (quoting Doe v. Stegall, 653 F.2d

180, 186 (5th Cir. 1981)); see also Qualls, 228 F.R.D. at 13 (party seeking to proceed

anonymously "bears the burden to demonstrate a legitimate basis for proceeding in that

manner"). Specifically, courts assess whether the case involves "matters of a highly sensitive

and personal nature, real danger of physical harm, or where the injury litigated against would be

incurred as a result of the disclosure of the plaintiff's identity." Doe v. Frank, 951 F.2d at 324;

see also Zavaras, 139 F.3d at 803; Von Eschenbach, 2007 WL 1848013 at *2.

On this record, in this criminal case, defendant has not shown that he should be permitted

to proceed under a pseudonym. Preliminarily, we note that all of the cases discussed above and

in defendant's motion (with two exceptions, discussed infra at p. 8) involve civil litigation, but

the instant case certainly is not typical of civil litigation. Here, after pleading guilty to crimes

involving child pornography, defendant brought a Section 2255 motion challenging his

convictions and sentence. While proceedings under Section 2255 are quasi-civil in character,

defendant thus is differently situated than the average plaintiff in a civil case.

Indeed, defendant's claim for relief in this matter most closely resembles the one made -

and rejected - in a recent criminal case, United States v. Stoterau, 524 F.3d 988 (9th Cir. 2008).

There, defendant pled guilty to one count of transporting child pornography (18 U.S.C. §

2252A(a)(1)), and then filed a direct appeal challenging several aspects of his sentence. Id. at

995. As part of his appeal, he filed a motion requesting that the disposition be filed under seal or

"that a pseudonym be used in place of his name" in the disposition because "dissemination of

information" about his crime could put him at risk in prison. Id. at 1012.

The Ninth Circuit declined to place the case under seal or to permit him to proceed

anonymously. On the first point, the Court held that "[b]eyond his stated interest in concealing

his identity," defendant had not shown a compelling justification necessary to warrant placing the case under seal.  Id.  The Court also determined that his case was not "unusual," and hence that anonymity was not justified, "because sex offenders such as Stoterau face an elevated risk of violent abuse in prison."  In this regard, the Court explained that:

> because this concern is equally present for all similarly situated sex offenders who face prison sentences, we cannot say that Stoterau's case is unusual.  Indeed, in the sentencing context, courts have rejected the argument that "mere membership in a class of offenders that may be targeted by other inmates" is sufficient to make a defendant's case extraordinary.  United States v. Kapitzke, 130 F.3d 820, 822 (8th Cir. 1997) (reversing downward departure for susceptibility to abuse in prison that was based on the defendant's status as a child pornographer).

Stoterau, 524 F.3d at 1013.

The Court further noted that "it is prison officials who have the primary responsibility to 'take reasonable measures, to guarantee the safety of the inmates' and to 'protect prisoners from violence at the hands of other prisoners.'"  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)).  The Court also called into "question the value that pseudonymity would have for Stoterau at this point [because his] conviction is a matter of public record and many of the documents in his case were not submitted under seal."  Id.  Thus, because "[t]he concern animating Stoterau's request for anonymity is equally present for all similarly situated sex offenders, and the value of anonymity to Stoterau at this point in the proceedings is outweighed by the public interest" in favor of open court proceedings, the Ninth Circuit denied his motion seeking to be identified by a pseudonym in the disposition.  Id. at 1013-14.

Here, as in Stoterau, defendant seeks to shield his identity because he fears for his safety given the nature of his crimes.  He states (at 1-2) that "he has been subjected to ridicule, scorn, segregation, gossip, threats by more than one person on his life and safety resulting in a voluntary

request for protection (for 80 days before being moved to another prison facility)"; that he "fears harassment and intimidation currently, is constantly in a guarded frame of mind"; and that "[r]idicule and threats are a common problem that requires special attention to remain anonymous as much as possible to avoid attracting harm from others, especially in cases involving the charges" that he was convicted of in this case.

Much of this - that he is "in a guarded frame of mind," that "threats are a common problem" - is too vague and speculative to merit the extraordinary relief that he seeks. See Femedeer v. Haun, 227 F.3d 1244 (10th Cir. 2000) (where convicted sex offender challenged state sex offender registration law, he was not permitted to proceed anonymously in part because he had not shown "real, imminent personal danger"); Gautier v. Dep't of Corrections, 2008 WL 1925066 (W.D. Okla. April 29, 2008) (where convicted sex offender challenged sex offender registration law, he was not permitted to have the case sealed or to proceed by pseudonym in part because his argument that he might lose his job in the wake of public attention about the case was "speculative"); Von Eschenbach, 2007 WL 1848013 at *2 (noting that vague, unsubstantiated fears of retaliation are insufficient to permit plaintiff to proceed anonymously). Moreover, much of what he fears - gossip, ridicule, and scorn - similarly does not entitle him to the extraordinary relief of being able to conceal his name in this criminal matter. See Doe v. Frank, 951 F.2d at 324 ("the fact that [plaintiff] may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym"); Qualls, 228 F.R.D. at 12 (same).

The single specific justification that defendant offers for the relief that he seeks ultimately does not aid him. As noted above, he states after he once requested protection, he was protected

for 80 days and then transferred to another facility. Hence, even by his own account, the prison

officials took appropriate steps to safeguard him. See Stoterau, 538 F.3d at 1013 (noting that

prison officials have "the primary responsibility" to ensure the safety of prisoners). And while

defendant's motion suggests that his request for protection was recent, thereby prompting him to

file the instant motion, telephone calls with Bureau of Prison ("BOP") officials reveal otherwise.

Specifically, BOP officials stated that at the time defendant requested placement in voluntary

segregation, he was imprisoned at the BOP facility in Otisville, New York, and that he was there

between May 23, 2007 and September 19, 2007. Hence, any issue concerning his safety would

have arisen (and been resolved) between those dates and not more recently. Notably, defendant

did not raise any claim of danger until he filed the instant motion on or about June 9, 2008,

which is approximately nine months after he had been transferred out of Otisville. Hence,

defendant's claim that he is in real, imminent danger is undercut by the fact that he waited so

long to raise the claim.[2]

In addition, and again as in Stoterau, proceeding henceforth in this matter by pseudonym

would have little value, given that this case is not under seal and that his convictions remain a

matter of public record. 524 F.3d at 1013. Defendant's request for anonymity thus "is

equivalent to asking [the Court] to put jack back in the box." Raiser v. Church of Jesus Christ of

---

[2] On October 4, 2007, defendant was transferred to the BOP facility in Loretto, Pennsylvania, where he filed his Section 2255 motion and the subsequent filings listed above. On June 19, 2008, he was moved at his request to the BOP facility in Petersburg, Virginia, so that he could participate in the "Life Connections" program. BOP officials have told us that inmates at the facilities in Loretto and Petersburg do not have access to the Internet or to e-mail. Hence, although defendant (at 1-2) states that he feels at risk in part because he "has witnessed other inmates who search case law and records for other inmates as their victims at their respective institutions," it appears that inmates at his present facility have limited research capabilities.

Latter-Day Saints, 2006 WL 1484920, *1 (10th Cir. May 31, 2006) ("[i]n cases where the sensitive information has already been disclosed during a party's prior litigation under its real name, the social interest in allowing a party to proceed anonymously is limited"); see also Zavaras, 139 F.3d at 803 (noting in part that the sensitive information that the imprisoned plaintiff sought to protect was already known to state and state agency); Hodge v. United States, 2007 WL 4082037, *1 (M.D. Pa. Nov. 15, 2007) (noting in part that "plaintiff did not take any steps to prevent the disclosure of his identity" until 13 months after the case had been filed and thus "[a]ttempting to enforce such anonymity now would be futile").

Finally, we note that only two of the cases cited in defendant's motion concern criminal matters, but neither case helps him. In United States v. Doe, 655 F.2d 920 (9th Cir. 1980) (cited at page 2 of defendant's motion), the Court permitted the defendant to proceed by pseudonym because defendant had testified for the government, was serving a long prison sentence, and both sides agreed that he needed protection. Id. at 922 n.1. Here, by contrast, defendant is not a cooperating witness and we do not agree that he has met the requisite standard to proceed by pseudonym. In United States v. Bateman, 805 F. Supp. 1058 (D.N.H. 1992) (also cited at page 2), the defendant was charged with possessing and transporting child pornography, but the issue in the case concerned whether two government witnesses could proceed under pseudonym. Id. at 1059-60. No such situation is presented here.

## CONCLUSION

"To work effectively, it is important that society's criminal process satisfy the appearance

of justice . . . and the appearance of justice can best be provided by allowing people to observe

it." Richmond Newspapers v. Virginia, 448 U.S.555, 571-72 (1980).  Here, defendant has not

shown, as he must, that his is an exceptional case that warrants allowing him to shield his

identity.  Therefore, and for all of the reasons stated herein, defendant's motion should be

summarily denied.[3]

<div style="margin-left: 50%;">

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444-384

MARGARET J. CHRISS
Assistant United States Attorney
D.C. Bar Number 452-403
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0874
Margaret.Chriss@usdoj.gov

</div>

---

[3]  Concurrently with the filing of this Opposition, we have filed a Motion for Leave to File under Seal.  If the Court denies defendant's motion, we request that the Order and Memorandum not be filed under seal and that the parties' pleadings be unsealed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 22nd day of July 2008, a copy of the foregoing Opposition to defendant's <u>pro</u> <u>se</u> June 9, 2008 Motion For Leave to File Under Seal and to Proceed Pseudonymously was served via first class mail, postage pre-paid, upon:

Mr. Randall Casseday
Fed. Reg. # 28791-016
FCI Petersburg Low
P.O. Box 1000
Petersburg, VA 23804

Assistant United States Attorney

10