# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| RANDALL CASSEDAY, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. |

Criminal Action No. 06-329 (CKK)
Civil Action No. 08-322 (CKK)

**MEMORANDUM OPINION & ORDER**
(February 14, 2011)

Presently before the Court is Petitioner Randall Casseday's request for a certificate of appealability to appeal all the issues upon which he requested relief under 28 U.S.C. § 2255. Following receipt of such a request, this Court must determine whether a certificate of appealability should be issued. *See Mitchell v. Reno*, 216 F.3d 1126 (D.C. Cir. 2000); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing of the denial of a right includes showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where the petition has been denied by the district court on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* If the certificate is granted, this Court must specify which issues raise such a substantial showing. *United States v. Mitchell*, 216 F.3d 1126,

1130 (D.C. Cir. 2000); *United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999).

*A.    Procedural History*

On February 15, 2007, this Court sentenced Casseday to a total of 90 months' imprisonment pursuant a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Casseday did not appeal his sentence. On February 19, 2008, Casseday filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Casseday asserted two claims: (1) that the Court violated Rule 11 during sentencing by failing to ensure that the guilty plea was voluntary and that there was a factual basis for the plea; and (2) that his counsel was constitutionally ineffective for failing to file a notice of appeal. On May 1, 2008, Casseday filed an amended § 2255 motion raising two additional claims: (1) that the Court violated Rule 11 when it failed to inform him of the reasons for his sentence as required by 18 U.S.C. § 3553(c); and (2) that his conviction was based on evidence seized in violation of the Fourth Amendment. Casseday subsequently filed supplemental materials in which he appeared to assert additional claims pertaining to alleged constitutional violations during his arrest. Casseday also claimed during his last supplemental filing that he was coerced by his counsel into answering one of the Court's questions affirmatively during the plea colloquy.

On July 13, 2010, the Court issued a Memorandum Opinion and Order addressing the claims asserted by Casseday. *See Casseday v. United States*, 723 F. Supp. 2d 137 (D.D.C. 2010). The Court held that the Fourth Amendment claim asserted in Casseday's amended § 2255 motion and any claims pertaining to Casseday's arrest were untimely and must be dismissed because they were not filed within the one-year statute of limitations under 28 U.S.C. § 2255(f). The Court further held that Casseday's claims that the Court violated Rule 11 by failing to ensure the

plea was voluntary and ascertain a factual basis for his plea lacked merit, and the Court dismissed them without an evidentiary hearing. Because of conflicting testimony in the record, the Court ruled that an evidentiary hearing should be held to determine whether Casseday's counsel was constitutionally ineffective for failing to file a notice of appeal and for coercing Casseday during the plea colloquy. The Court held in abeyance Casseday's claim that the Court failed to provide a written statement of reasons for his sentence pending further briefing from the Government. The Government then filed a supplemental opposition brief and Casseday filed a supplemental reply.

The Court held an evidentiary hearing on January 7, 2011. During the hearing, Casseday informed the Court that he had decided not to present any evidence and would rest on his written papers. The Government presented testimony from Casseday's former defense counsel and submitted evidence into the record.

On January 25, 2011, the Court issued a Memorandum Opinion and Order denying the remainder of Casseday's claims. *See* ___ F. Supp. 2d ___, 2011 WL 229408 (D.D.C. Jan. 25, 2011). The Court ruled that because Casseday had failed to present any evidence during the hearing, he could not meet his burden of proof with respect to his claims that his counsel was constitutionally ineffective for failing to file a notice of appeal or for coercing him during the plea colloquy. The Court also made alternative factual findings based on the record at the hearing and determined that Casseday's claims lacked merit. The Court also ruled that because Casseday had failed to appeal his sentence and his counsel was not constitutionally ineffective for failing to file a notice of appeal, he could not establish cause to overcome his procedurally defaulted claims. Finally, the Court ruled that Casseday had not shown he was actually

prejudiced by his failure to receive a written statement of reasons for his sentence because the reasons were explained to him orally in open court and because Casseday received the sentence to which he explicitly agreed under Rule 11(c)(1)(C). Accordingly, the Court denied Casseday's § 2255 motion in its entirety.

B. *Casseday's Request for a Certificate of Appealability*

In his request for a certificate of appealability ("COA"), Casseday argues: (1) the Court erred in determining that his claims regarding his arrest and warrantless search of his office by a special police officer were untimely; (2) the Court erred in denying his claims for ineffective assistance of counsel because the allegations set forth in his petition, combined with the testimony received by the court during the evidentiary hearing, establish that he was denied adequate representation; and (3) the Court erred in determining that he was not prejudiced by his failure to receive a written statement of reasons for his sentence. The Court's reasoning for these rulings was thoroughly laid out in its written opinions.

With respect to the ineffective assistance of counsel claims addressed during the evidentiary hearing, Casseday did not make "a substantial showing of the denial of a constitutional right" because he did not present any evidence to support his claims. In light of Casseday's failure to present any evidence, no reasonable jurist could conclude that the issues Casseday presented were "adequate to deserve encouragement to proceed further." Therefore, there is no basis to appeal the Court's denial of these claims.

Although the Court did address the merits of Casseday's remaining claims, the primary basis for dismissing them was procedural. Except for his ineffective assistance of counsel claims, all of Casseday's claims were procedurally defaulted because he failed to raise them on

4

direct appeal. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. at 484. Because Casseday had to establish "cause and prejudice" to overcome his procedural default and he failed to provide the Court with any evidence of ineffective assistance of counsel, no reasonable jurist could conclude that the procedural bar was inapplicable. Accordingly, the Court finds that there is no basis to appeal the Court's denial of Casseday's remaining § 2255 claims.

* * *

For the foregoing reasons, it is, this 14th day of February, 2011, hereby

**ORDERED** that Petitioner's [73] Petition for Certification requesting a certificate of appealability is DENIED.

**SO ORDERED.**

*This is a final, appealable Order.*

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge